UNITED STATES DICTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RON FAST, TODD KNEPP AND RYAN HOSCH, on behalf of themselves and all others similarly situated, | ) ) ) CASE NO. ) ) JUDGE |
| Plaintiffs, | ) ) |
| vs. | ) **COLLECTIVE ACTION COMPLAINT** ) |
| INSPECTION TECH, LLC, | ) **JURY DEMAND ENDORSED HEREON** ) |
| Defendant. | ) |

Plaintiffs, Ron Fast, Todd Knepp, and Ryan Hosch, on behalf of themselves and all others similarly situated (the "Putative Class"), bring this action against Defendant Inspection Tech, LLC, ("Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Specifically, Plaintiffs seek to recover unpaid minimum wages owed pursuant to the FLSA. This lawsuit also seeks to recover unpaid minimum wages pursuant to Ohio Revised Code 4111.14 and the Ohio Constitution, Article II, 34a.

Plaintiffs' FLSA and Ohio minimum wage claims are asserted as a collective action pursuant to 29 U.S.C. §216(b) and Ohio Revised Code 4111.14. The following allegations are based on Plaintiffs' personal knowledge as to their own experiences and the conduct and acts of others.

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b) and 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction over Plaintiffs' claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Although they were misclassified by Defendant as independent contractors, at all times relevant herein, Plaintiffs were employees of Defendant within the meaning of 29 U.S.C. § 203(e) and Ohio Revised Code 4111.14 and the Ohio Constitution, Article II, 34a.

5. Defendant is an Ohio limited liability company, registered to do business in this State.

6. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(s)(1)(C) and Ohio Revised Code 4111.14 and the Ohio Constitution, Article II, 34a.

7. Plaintiffs' written consents to join this action are attached hereto as **Exhibit A**. Written consents to join this action when executed by other individual plaintiffs will be filed pursuant to 29 U.S.C. § 216(b) and Ohio Revised Code 4111.14.

## FACTUAL ALLEGATIONS

8. At all times relevant herein, Plaintiffs were employed by Defendant as non-exempt home inspectors.

9. Plaintiffs and the Putative Class members were uniformly misclassified as independent contractors even though Defendant controlled and directed Plaintiffs and the Putative Class' daily work, which was an integral part of the Defendant's business.

10. Within the last three years, Defendant required Plaintiffs and similarly situated workers to complete home inspections and training without any pay or for less than the minimum wage established by state and federal law.

11. Plaintiffs bring this action on behalf of themselves and all former and current home inspectors employed by Defendant who, at any time during the last three years, were required to perform training and home inspections for no pay or for less than the applicable state or federal minimum wage (the "Putative Class").

12. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

14. Plaintiffs bring this action on behalf of themselves and the Putative Class members who have been, are being, or will be adversely affected by Defendant's unlawful conduct described above.

15. Plaintiffs seek to represent the following class for whom Plaintiffs seek the right to send "opt-in" notices to the Putative Class, of which Plaintiffs are themselves a member:

> All former and current home inspectors employed at any time within the three-year period preceding the filing of this Complaint.

16. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) and Ohio Revised Code 4111.14 as to claims for: (1) unpaid minimum wages; (2) liquidated damages; and (3) attorneys' fees and costs. In addition to Plaintiffs, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of other employees and are acting on behalf of their interests as well as their own in bringing this action.

17. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll and other records. These individuals may readily be

notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b) and Ohio Revised Code 4111.14, for the purpose of collectively adjudicating their claims for: (1) unpaid minimum wages; (2) liquidated damages; and (3) attorneys' fees and costs.

## **CLAIMS FOR RELIEF**
## **COUNT I**
### **(Violations of the FLSA)**

18. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

19. Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

20. As employees for Defendant, Plaintiffs and the Putative Class members were paid no amount for training and certain home inspections or an amount less than required by the FLSA.

21. Plaintiffs and the Putative Class members do not qualify for an exemption from the minimum wage obligations imposed by the FLSA.

22. Throughout Plaintiffs' and the Putative Class members' employment, Defendant has known that Plaintiffs and the Putative Class members are not exempt from the minimum wage obligations imposed by the FLSA. Defendant has known that it is required to pay Plaintiffs and the Putative Class a minimum wage for all hours worked, including hours spent performing required training and home inspections. In spite of such knowledge, Defendant has willfully withheld and failed to pay the minimum wages to which Plaintiffs and the Putative Class members are entitled.

23. Because the Defendant's failure to pay such wages was willful pursuant to 29 U.S.C. § 255(a), Plaintiffs and the Putative Class are entitled to these wages dating back three years.

24. The identity of all the Putative Class members is unknown at this time, but is known to Defendant, and is set forth in Defendant's records. Plaintiffs are entitled to review these records and immediately identify the Putative Class members who have a right to join this collective action.

25. The exact amount of compensation that Defendant has failed to pay the Plaintiffs and the Putative Class is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

26. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs are entitled to review their records of hours worked to determine the exact amount of minimum wages owed by Defendant.

27. Defendant's failure to pay Plaintiffs and the Putative Class a minimum wage for all hours worked is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and the Putative Class are therefore entitled to liquidated damages in an amount equal to the compensation which they have not been paid.

28. Plaintiffs have been required to file this action as the result of Defendant's actions in failing to pay Plaintiffs and the Putative Class proper compensation. As such, Plaintiffs and the Putative Class are entitled to attorneys' fees and costs incurred pursuant to 29 U.S.C. §216(b).

## COUNT II

### (Violations of the Ohio Minimum Fair Wage Standards Act)

29. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

30. Defendant required Plaintiffs and the Putative Class to attend training and perform home inspections for no pay or for less than the applicable Ohio minimum wage.

31. Defendant's practices violated Ohio Revised Code 4111.14 and Ohio Constitution, Article II, 34a.

32. Defendant's violations of Ohio Revised Code 4111.14 injured Plaintiffs and the Putative Class in that they did not receive minimum wages due to them pursuant to that statute.

33. Ohio Revised Code 4111.14 provides that Defendant, having violated § 4111.14, owe Plaintiffs and the Putative Class "damages…calculated as an additional two times the amount of back wages" owed to the Plaintiffs and the Putative Class. Additionally, Defendant is liable "for costs and reasonable attorney's fees."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendant as follows:

1. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. 216(b) and Ohio Revised Code 4111.14;

2. Awarding Plaintiffs and the Putative Class members their unpaid wages in an amount to be determined at trial together with any liquidated damages allowed by law;

3. For a judgment against Defendant for all damages, relief, or any other recovery whatsoever;

4. Awarding Plaintiffs and the Putative Class their reasonable costs and attorney fees necessarily incurred herein; and

5. Awarding Plaintiffs and the Putative Class such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> NILGES DRAHER LLC
>
> */s/ Hans A. Nilges*
> Hans A. Nilges (0076017)
> Shannon M. Draher (0074304)
> 7266 Portage St., N.W.
> Suite D
> Massillon, Ohio 44646
> 330-470-4428
> hans@ohlaborlaw.com
> sdraher@ohlaborlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all claims so triable.

> */s/ Hans A. Nilges*
> Hans A. Nilges