# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| RONALD FAST, et al., | : | |
|     Plaintiffs, | : | Case No. 1:18-cv-01114-JG |
| v. | : | Judge James S. Gwin |
| INSPECTION TECH LLC, | : | |
|     Defendant. | : | |
| | : | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Inspection Tech LLC moves to dismiss the Plaintiffs' Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that Plaintiffs' claims are compulsory counterclaims in a pending state court action, and that Plaintiffs failed to plead sufficient facts to establish a plausible claim for relief. A memorandum in support of this motion is attached.

Respectfully submitted,

/s/ CHRISTIAN CARSON, Attorney
Christian Carson (0088523)
216-352-4243
12434 Cedar Road, Suite 11
Cleveland Heights, Ohio 44106
Fax: 216-539-8137
christian@lawcarson.com
*Counsel for Defendant Inspection Tech LLC*

OF COUNSEL:
Robert Otto Carson (0023625)
670 Broadway Avenue
Bedford, OH  44146
440-439-5959
Email: robertottocarson@hotmail.com

1

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

This motion to dismiss presents the Court with two straightforward issues:

1. Are the Plaintiffs' claims compulsory counterclaims to a pending state court action, thus barring them from asserting the same claims in the instant action under Ohio R. Civ. P. 13(A)?

2. Have the Plaintiffs pled sufficient facts to state a plausible claim for a violation of the Fair Labor Standards Act ("FLSA")?

## II. PROCEDURAL HISTORY

On April 9, 2018, the Defendant in this action filed a Complaint against the Plaintiffs, Fast, Knepp, and Hosch and two companies controlled by Plaintiffs for monetary damages and injunctive relief in the Cuyahoga County Court of Common Pleas (the "State Court Action." (*See* Ex. A, State Court Compl.) This Complaint chiefly alleged that Fast, Knepp and Hosch breached the independent contractor agreement they had with Inspection Tech, violated the non-competition and trade secrets clauses contained within that agreement, fraudulently induced Inspection Tech to expend funds and time to license and train them to inspect homes, and were unjustly enriched by Inspection Tech's investment in their training. (State Court Compl.)

On May 8, 2018, before filing their Complaint in the instant action, counsel for Fast, Knepp and Hosch obtained opposing counsel's agreement to extend their answer deadline in the State Court Action to June 13, 2018. (Ex. B, State Court Stipulation.)

On May 14, 2018, Fast, Knepp and Hosch filed their Complaint in the instant action. (See Compl.) Plaintiffs now raise two claims relating to their working relationship with Defendant: (i) violation of the FLSA and (ii) violation of the Ohio Minimum Wage Standards Act.

Plaintiffs made five allegations under the 'Facts' header in their complaint: (i) Plaintiffs were employed by Defendant, (ii) Plaintiffs were misclassified as independent contractors despite having 'controlled and directed' Plaintiffs and their daily work, (iii) Defendant required Plaintiffs to complete home inspection training without pay, (iv) Plaintiffs bring the instant action on their own behalf and as class representatives, and (v) that Defendant knowingly engaged in the alleged FLSA violation. (Compl ¶¶. 8-12.)

On June 6, 2018, Fast, Knepp and Hosch filed their Answer in the State Court Action. (See Ex. C, State Court Docket.)

### III. STANDARD OF REVIEW

In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "sufficient factual matter" that, if proven, would establish a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; see also *Twombly*, 550 U.S. at 555, 557 ("labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s]" devoid of "further factual enhancement[s]").

In deciding a motion to dismiss, a court may consider public records, such as the orders and pleadings from pending state court proceedings. *See Jackson v. City of Columbus,* 194 F.3d 737, 745 (6th Cir. 1999).

IV. **ARGUMENT**

**A. Plaintiffs' claims should be dismissed because they failed to raise their claims as compulsory counterclaims in the State Court Action, barring them from raising the same claims in another action.**

It is well-established that a "party's failure to plead a compulsory counterclaim forever bars that party from raising the claim in another action." *Sanders v. First Nat'l Bank & Trust Co. in Great Bend,* 936 F.2d 273, 277 (6th Cir. 1991) (citing *Baker v. Gold Seal Liquors, Inc.,* 417 U.S. 467, 469 n. 1, (1974)). See also *Bluegrass Hosiery, Inc. v. Speizman Indus., Inc.,* 214 F.3d 770, 772 (6th Cir. 2000).

In order to determine if the Plaintiffs' claims were compulsory counterclaims to the State Court Action, we look to Rule 13(A) of the Ohio Rules of Civil Procedure, which is almost identical to Fed. R. Civ. P. Rule 13(A):

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Ohio R. Civ. P. Rule 13(A). "The two-pronged test for applying Civ. R. 13(A) is: (1) does the claim exist at the time of serving the pleading . . . and (2) does the claim arise out of the transaction or occurrence that is the subject matter of the opposing claim." *Geauga Truck & Implement Co. v.*

*Juskiewicz,* 9 Ohio St.3d 12, 14, 457 N.E.2d 827, 829 (Ohio 1984). If both prongs are met, then the present claim was a compulsory counterclaim in the earlier action and is barred by virtue of Civ. R. 13(A). *Rettig Enterprises, Inc. v. Koehler,* 68 Ohio St.3d 274, 626 N.E.2d 99 (Ohio 1994).

1. **Plaintiffs' claim existed when Plaintiffs filed their answer in the State Court Action.**

Plaintiff filed their answer in the State Court Action after filing their Complaint in the instant action, thus meeting the first prong of the test. (Ex. C).

2. **Plaintiff's claims arise out of the same transaction or occurrence as the Defendant's claims in the State Court Action.**

In determining whether claims arise out of the same transaction or occurrence, Ohio courts use the "logical relation" test. *Rettig,* paragraph two of the syllabus. Under this test, a compulsory counterclaim "is logically related to the opposing party's claim where separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties and the courts." *Rettig,* 68 Ohio St.3d at 279, 626 N.E.2d at 103 (quoting *Great Lakes Rubber Corp. v. Herbert Cooper Co.,* 286 F.2d 631, 634 (3d Cir. 1961)) (citations omitted). The meaning of 'transaction' is flexible, comprehending many occurrences and referring to their logical relationship—the two compared claims need not be identical and it is no matter if the counterclaim contains additional allegations. *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Multiple claims are compulsory counterclaims where they "involve many of the same factual issues, or the same factual and legal issues, or where they are offshoots of the same basic controversy between the parties." *Rettig*, 68 Ohio St.3d at 279, 626 N.E.2d at 103 (quoting *Great Lakes Rubber Corp.* at 634).

The logical relation test promotes the object and purpose of Rule 13(A) by avoiding a multiplicity of lawsuits and to achieve a just resolution by requiring in one lawsuit the litigation of all claims arising from common matters. *Id*.

Here, Plaintiffs' claims in the instant action and Defendant's claims in the State Court action are logically related, since they all arise from the working relationship between Plaintiffs and Defendant. Plaintiffs claim that Defendant violated FLSA by controlling and directing Plaintiffs. This working relationship was governed by the Independent Contractor Agreement executed by all parties to the instant action, a document also central to the State Court Action complaint. (*See* State Court Compl., Exs. A, B, and C.) The prescribed duties, the validity of this agreement and the actual course of performance of the parties will be essential to proving both the State Court Action claims and the Plaintiffs' instant claims.

Plaintiffs allege that Defendants owe them wages for training. (*See* Compl. ¶ 11.) In the State Court Action, Defendant seeks reimbursement for the time and expenses it incurred in training Plaintiffs. (*See* State Court Compl. ¶¶ 15-18, 47.) Whether Defendant owes Plaintiffs for their time, or whether Plaintiffs should reimburse Defendant for training, will rest on the determination as to whether Plaintiffs are employees of Defendant, and if so, whether the FLSA requires Defendant to compensate Plaintiffs for this type of training. The State Court Action requires the court to make the same determination—(i) how much time Defendant spent training Plaintiffs and (ii) whether Defendant is barred from seeking reimbursement for training by virtue of state law or FLSA. Thus, the sole issue that Plaintiffs raise in the instant action is subsumed by the dispute in the State Court Action.

The Plaintiffs in the instant action have also injected the issue of employee misclassification into the State Court Action apparently as an affirmative defense: "Defendants [Fast, Knepp and Hosch] were required to conduct numerous 'trainings' which were unpaid, in violation of state and federal law." (See Ex. D, State Court Answer ¶ 18). They also refer to themselves as "employee[s] of Plaintiff [Inspection Tech]" (See Ex. D, State Court Answer ¶¶ 2-4). The issue of employee misclassification will require the examination of the same basic factual and legal issues.

The U.S. Supreme Court has opined on the matter of compulsory counterclaims, when interpreting Fed. R.Civ.P. 13(A):

> The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim "shall" be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. The Rule was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint.

*Southern Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962).

Here we are presented with exactly the type of situation the *Southern Const. Co.* court anticipated. The Court should forbid Plaintiffs' attempt to circumvent the Ohio Rules of Civil Procedure and should dismiss Plaintiffs' Complaint.

**B. Plaintiffs' claims should be dismissed because they fail to allege facts sufficient to state a plausible claim for relief.**

Plaintiffs' have not pled any facts that establish plausible grounds for relief under the FLSA. Plaintiff uses labels and conclusive terms of art such as 'employed,' 'controlled and

directed,' and others, but not once pointed to any specific *facts* that would plausibly indicate that Defendant violated the FLSA. Indeed, the Complaint is so brief that it fails to put Defendant on notice as to any actions Defendant took to 'control' Plaintiffs, or what characteristics of the working relationship gave rise to Plaintiffs' theory that Defendant 'employed' Plaintiffs. As detailed above, plaintiffs' allegations must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Although the Plaintiffs are entitled to provide a short and plain statement of a claim that is plausible on its face, *see Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), no such plausible statement is available to us in the Complaint.

The *prima facie* elements of a FLSA claim are as such: (i) that the plaintiff was employed by the defendant; (ii) the defendant was engaged in interstate commerce; and (iii) the defendant failed to pay minimum wage to the defendant. *Roberts v. Corr. Corp. of Am.*, No. 3:14-CV-2009, 2015 WL 3905088, at *8 (M.D. Tenn. June 25, 2015).

    **1. Plaintiffs have failed to plead sufficient facts to show that Defendant employed them.**

Plaintiff's Complaint makes only two allegations regarding this element of its FLSA claim: "Plaintiffs were employed by Defendant," and "[Defendant] 'controlled and directed' Plaintiffs and their daily work." (*See* Compl. ¶¶ 8, 9.) The "economic reality" of the relationship between a plaintiff and a defendant "determines whether their relationship is one of employment." *Solis v. Laurelbrook Sanitarium & Sch. Inc.,* 642 F.3d 518, 522 (6th Cir. 2011) (citing *Tony & Susan Alamo Found. v. Sec'y of Labor,* 471 U.S. 290, 301 (1985)). Unfortunately, Plaintiffs supply us no facts to plausibly infer that the Defendant was their employer by economic reality or otherwise.

    **2. Plaintiffs have failed to plead any facts that Plaintiffs are covered by FLSA.**

To establish a violation of FLSA, an employee must show either "enterprise coverage," i.e., the employer was engaged in commerce, or "individual coverage," which covers employees engaged in commerce or in production of goods for commerce. *Kowalski v. Kowalski Heat Treating, Co.,* 920 F. Supp. 799, 802-03 (N.D. Ohio 1996); *see also Usery v. Yates,* 565 F.2d 93, 96 (6th Cir. 1977). Plaintiffs have failed to allege any facts concerning this element of FLSA.

## **CONCLUSION**

For the above reasons, Plaintiffs' complaint should be dismissed. Plaintiffs filed the instant action as a reactive suit to Defendant's state court action and should not be permitted to strategically burden Defendant in two separate venues when one suit will adequately and efficiently address all parties' claims. Allowing the instant action to continue in parallel to the State Court Action will result in inequity for both parties and duplication of efforts for all parties and of this Court.

                                              Respectfully submitted,

                                              /s/ CHRISTIAN CARSON, Attorney
Christian Carson  (0088523)
Carson Law Firm LLC
12434 Cedar Road, Suite 11
Cleveland Heights, Ohio 44106
888-403-1259
Fax: 216-539-8137
christian@lawcarson.com
*Counsel for Defendant Inspection Tech LLC*

OF COUNSEL:
Robert Otto Carson (0023625)
670 Broadway Avenue
Bedford, OH  44146
440-439-5959
Email: robertottocarson@hotmail.com

## CERTIFICATE OF SERVICE

 I hereby certify that a true and accurate copy of the foregoing was electronically filed on June 14, 2018 with the Court's CM/EFS system and such system will send electronic notice to counsel of record.

/s/ CHRISTIAN CARSON, Attorney
Christian Carson  (0088523)
